IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNGARD RECOVERY SERVICES L.P., : <br> : <br> Plaintiff/Counterclaim Defendant, : <br> : <br> v. : <br> : <br> COMCAR INDUSTRIES, INC., : <br> : <br> Defendant/Counterclaim Plaintiff. : <br> _____: | Civil Action No. 02-4444 (PBT) |

**MOTION OF PLAINTIFF/COUNTERCLAIM-DEFENDANT SUNGARD RECOVERY SERVICES LP TO DISMISS COUNTERCLAIM COUNTS III, IV AND V PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

Plaintiff/Counterclaim Defendant SunGard Recovery Services LP, formerly known as SunGard Recovery Services Inc. ("SunGard"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court for entry of an Order dismissing the Counts III, IV and V of the Counterclaims of Defendant/Counterclaim Comcar Industries, Inc., for failure to state a claim upon which relief can be granted. As set forth more fully in SunGard's Memorandum of Law in support of this Motion (which is incorporated herein by reference), Counts III, IV and V of the Counterclaims (for fraud, negligent misrepresentation, and fraudulent inducement, respectively) are predicated upon alleged misrepresentations made by SunGard prior to May 1999. Construing the allegations of the Counterclaims most favorably for Comcar, Comcar was aware of the alleged falsity of these statements no later than the fall of 1999. However, Comcar's Counterclaims were not brought until September 2002, well beyond the two-year statute of limitations of 42 Pa. C.S. § 5524(7).

Counts III, IV and V further fail to state a claim upon which relief can be granted because the parties' written contract is a fully integrated document, and thus any prior statements, representations or negotiations in addition to or contradictory to the contract terms cannot form the basis for affirmative claims by Comcar.

Finally, even to the extent Comcar alleges misrepresentations in the contract itself, those allegations amount to nothing more than SunGard's failure to perform promises to take future action under the contract, which cannot, as a matter of law, support a claim of misrepresentation.

Accordingly, SunGard respectfully asks that this Court dismiss Counts III, IV and V of the Counterclaims for failure to state a claim upon which relief can be granted.

Dated: September 23, 2002        BLANK ROME LLP

*Rebecca D. Ward*
James T. Smith, Esq.
Rebecca D. Ward, Esq.
Brian S. Paszamant, Esq.
One Logan Square
Philadelphia, PA 19103
Telephone:    (215) 569-5500
Facsimile:    (215) 569-5555

Attorneys for Plaintiff SunGard Recovery Services LP, formerly known as SunGard Recovery Services Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNGARD RECOVERY SERVICES L.P., : <br> : <br> Plaintiff/Counterclaim Defendant, : <br> : <br> v. : <br> : <br> COMCAR INDUSTRIES, INC., : <br> : <br> Defendant/Counterclaim Plaintiff. : <br> : | Civil Action No. 02-4444 (PBT) |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of the Motion of Plaintiff/Counterclaim-Defendant SunGard Recovery Services LP to Dismiss Counts II, IV and V of the Counterclaims of Defendant/Counterclaim Plaintiff Comcar Industries, Inc., it is hereby ORDERED and DECREED that the Motion is GRANTED and Counts III, IV and V of the Counterclaims are dismissed with prejudice.

Plaintiff shall file its Reply and Affirmative Defenses to Counts I and II of the Counterclaims within ten days of entry of this Order.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNGARD RECOVERY SERVICES L.P., : <br> : <br> Plaintiff/Counterclaim Defendant, : <br> : <br> v. : <br> : <br> COMCAR INDUSTRIES, INC., : <br> : <br> Defendant/Counterclaim Plaintiff. : <br> : <br> _____: | Civil Action No. 02-4444 (PBT) |

### PLAINTIFF/COUNTERCLAIM-DEFENDANT SUNGARD RECOVERY SERVICES LP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNTS III, V AND V OF THE COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff/Counterclaim-Defendant SunGard Recovery Services LP ("SunGard"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Counts III, IV and V of the Counterclaims of Defendant/Counterclaim Plaintiff Comcar Industries, Inc. ("Comcar") for failure to state a claim upon which relief can be granted. As set forth more fully below, Counts III, IV and V of the Counterclaims (for fraud, negligent misrepresentation, and fraudulent inducement, respectively) are predicated upon alleged misrepresentations made by SunGard prior to May 1999. Construing the allegations of the Counterclaims most favorably for Comcar, Comcar was aware of the alleged falsity of this statements no later than the fall of 1999. However, Comcar's Counterclaims were not brought until September 2002, well beyond the two-year statute of limitations of 42 Pa. C.S. § 5524(7). Accordingly, under the law of the Commonwealth of Pennsylvania and governing precedent within the Third Circuit, these

Counterclaims are time barred and subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

Additionally, Counts III, IV and V fail because they are premised upon prior negotiations and statements preceding the execution of an expressly integrated contract. Thus, under the parol evidence rule, Comcar cannot rely upon such representations as the basis for its Counterclaims. Finally, even to the extent Comcar alleges misrepresentations in the contract itself, those allegations amount to nothing more than SunGard's failure to perform promises to take future action under the contract, which cannot, as a matter of law, support a claim of misrepresentation.

## THE ALLEGATIONS OF THE COUNTERCLAIMS

As alleged in Comcar's Counterclaims, prior to May 1999, SunGard and Comcar entered into negotiations regarding a contract for SunGard's disaster recovery services. See Answer, Affirmative Defenses and Counterclaims (hereinafter "Counterclaims at ¶ ___") at ¶ 1. Comcar's Counterclaims allege that SunGard made certain representations during these negotiations prior to the execution of the contract itself. Id. at ¶¶ 2-5. Comcar alleges that in reliance upon SunGard's representations, it executed the contract on May 13, 1999 (id. at 6) and that the contract itself contained certain representations or promises. Id. at ¶¶ 7-8; 17, 20-21, 23-24, 26, and 28. See also ¶¶ 38, 44, and 51. Comcar alleges that in the fall of 1999, it conducted a test of the disaster recovery services, at which time SunGard failed to fulfill the purported promises to Comcar. Id. at ¶¶ 10 – 13.

The Contract contained two provisions relevant to this Motion to Dismiss. First, the parties agreed that that the contract would be "governed by substantive Pennsylvania law."

Counterclaims at Exhibit C § D(10). Further, the parties expressly stated that the contract set forth the entirety of their agreement and superceded all prior negotiations:

> This Agreement (which includes and incorporates all Schedules and Addenda to this Agreement) states the entire understanding between the parties with respect to its subject matter, and supersedes all prior proposals, negotiations and other written or oral communication between the parties with respect to the subject matter of this Agreement . . . .

Id. at § D(8).

## ARGUMENT

A.  **Counts III, IV and V Are Time-Barred.**

Because all the alleged misrepresentations or acts of concealment underlying Counts III, IV and V occurred prior to May 13, 1999, and were discovered by Comcar no later than the fall of 1999, the Counterclaims based thereon are barred by the two-year statute of limitations set forth in 42 Pa. C.S. § 5524(7). Under governing Third Circuit precedent, Counts III, IV and V should be dismissed as time-barred under Federal Rule of Civil Procedure 12(b)(6).

   1.  **Dismissal under Rule 12(b)(6) is required where the face of a pleading shows a claim is barred by the statute of limitations.**

Pursuant to FED. R. CIV. P. 12(b)(6), this court should dismiss a claim if it is clear "that no relief could be granted under any set of facts that could be proved *consistent with the allegations*." Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)) (emphasis added); Piecknick v. Commonwealth of Pennsylvania, 36 F. 3d 1250 (3d Cir. 1994). In reviewing a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), all allegations in

the pleading and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party." Sturm v. Clark, 835 F. 2d 1009, 1011 (3rd Cir. 1987) (citations omitted).[1]  "The purpose of a 12(b)(6) motion is to test the legal sufficiency of" a claim. Winterberg v. CNA Ins. Co., 868 F. Supp. 713, 717 (E.D. Pa. 1994). Finally, a court may grant a motion to dismiss as to a portion of a pleading. Elliot v. State Farm Mut. Auto. Ins. Co., 786 F. Supp. 487 (E.D. Pa. 1992).

In a diversity case such as this one, a federal court must apply state substantive law, including statutes of limitations. Ciccarelli v. Carey Canadian Mines, Ltd., 757 F. 2d 548, 552 (3d Cir. 1985). The law of this Circuit (the so-called "Third Circuit Rule") permits a limitations defense to be raised by a motion under Rule 12(b)(6) if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Hanna v. U.S. Veterans' Admin. Hosp., 514 F. 2d 1092, 1094 (3d Cir. 1975); Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978); Cito v. Bridgewater Twp. Police Dep't, 892 F. 2d 23, 25 (3d Cir. 1989); Davis v. Grusemeyer, 996 F. 2d 617, 623 (3d Cir. 1993); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F. 3d 1380, 1385 n. 1 (3d Cir. 1994) ("[w]hile the language of FED.R.CIV.P. 8(c) indicates that a statute of limitations defense cannot be used in the context of Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the

---

[1] Needless to say, SunGard does not concede the accuracy of Comcar's allegations, but recognizes that for purposes of the instant Motion the Court is required to accept the allegations as true.

affirmative defense clearly appears on the face of the pleading"); Rycoline Prods., Inc. v. C & W Unlimited, 109 F. 3d 883, 886 (3rd Cir. 1997).

  2. **The allegations of the Counterclaims show that Counts III, IV and V are time-barred.**

The allegations of Comcar's Counterclaims show that (1) all the purported misrepresentations occurred prior to May 13, 1999 or on that date when the contract was signed, and (2) Comcar learned of the alleged falsity of the statements in tests conducted in the fall of the same year. Yet Comcar did not file its Counterclaims until September 2002, approximately one year after the applicable statute of limitations had expired. Therefore, dismissal with prejudice under Rule 12(b)(6) is appropriate.

  a. **Pennsylvania's statute of limitations applies.**

SunGard and Comcar agreed that the Agreement "shall be governed by substantive Pennsylvania law." Counterclaims, Exhibit C at § D(10). In circumstances such as these, Pennsylvania law applies: In its counterclaims, Comcar essentially contends that the renewed Agreement is unenforceable because it was mislead by SunGard's misrepresentations into executing the Agreement. In such circumstances, the courts of this Circuit interpret such a contractual choice-of-law provision to govern tort claims attacking the validity of the contract itself. See, e.g., In re Allegheny International, Inc., 954 F. 2d 167, 178 (3d Cir. 1992) (applying Pennsylvania choice-of-law provision to claim of fraudulent inducement and stating "Pennsylvania law is controlling because the contract says it is to be governed by, and construed in accordance with, the laws of the Commonwealth of Pennsylvania" and "[s]uch '[c]hoice of law provisions in contracts will generally be given

effect'") (quoting Pennsylvania. Smith v. Commonwealth Nat'l Bank, 384 Pa. Super. 65, 557 A.2d 775, 777 (1989); Corestates Bank, N.A. v. Signet Bank, Civ. A. No. 96-3199, 1996 WL 482909 at *5 n. 3 (Aug. 26, 1996) (Yohn, J.) (where tort claims amounted to argument that claimant had been fraudulently misled into contract, then contractual choice-of-law provision would also apply to tort claims). Cf. PTI Services, Inc. v. Quotron Systems, Inc., Civ. A. No. 94-2068, 1995 WL 241411 at * 9 (E.D. Pa. Apr. 19, 1995) (DuBois, J.) (where tort allegations of fraudulent inducement and negligent misrepresentation are inextricably intertwined with the formation of the contract, the choice of law clause must govern).

> b. A two-year statute of limitations applies to Comcar's claims for fraud and negligent misrepresentation/concealment.

Pennsylvania statute provides for a two-year statute of limitations for fraud and negligent misrepresentation claims:

> The following actions and proceedings must be commenced within two years:
>
> (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

42 Pa. C.S.A. § 5524(7). See Gurfein v. Sovereign Group, 826 Supp. 890, 917 (E.D. Pa. 1993) (§ 5524(7) applies to claims of fraud, negligent misrepresentation and breach of fiduciary duty); Today's Exp., Inc. v. Barkan, 426 Pa. Super. 48, 626 A.2d 187 (1993) (§ 5524(7) applies to fraud and negligent misrepresentation claims).

Further, the fact that SunGard's complaint was filed within the applicable statutes of limitations for <u>SunGard's claims</u> (*i.e.*, within four years of the alleged breach of contract) cannot save Comcar's own time-barred counterclaims for fraud and negligent misrepresentation. <u>See</u>, <u>e.g.</u>, <u>Harmer v. Hulsey</u>, 321 Pa. Super. 11, 13, 467 A.2d 867, 868-69 (1983) ("a counterclaim . . . must be raised within the time allotted for an action under the appropriate statute of limitations . . . That [counter-claimant] was either unaware of his potential claim or the two-year limitation, or chose not to bring an action until [plaintiff] sued, does not suffice to toll the statute of limitations").

Thus, to the extent Comcar has any valid affirmative claims for fraud, negligent misrepresentation, or fraudulent inducement, Comcar was required to bring those claims within two years. Its own pleading, however, shows that the purported misrepresentations occurred in a time period ending May 13, 1999. Additionally, by the fall of 1999, Comcar had conducted its test of the recovery services and learned of the alleged falsity of the purported misrepresentations. <u>See</u> <u>Counterclaims</u> at ¶¶ 10-13. The Counterclaims filed in September 2002 – approximately a year after the two-year statute of limitations had expired – are time-barred.

B.  **The Parol Evidence Rule Bars Any Claim Based Upon Alleged Misrepresentations Made Before the Execution of the Contract.**

Significantly, Comcar bases its claims for fraud, negligent misrepresentation and fraudulent inducement primarily upon statements supposedly made by SunGard prior to the execution of the Agreement. The contract, however, contains an integration clause that expressly disavows and supersedes any such prior representations. Where such an integrated

agreement exists, a party cannot use a theory of fraud or misrepresentation to avoid the effect of the parol evidence rule. 1726 Cherry Street Partnership v. Bell Atlantic Properties, Inc., 653 A.2d 663 (Pa. Super. 1995). As stated in McGuire v. Schneider, Inc., 534 A.2d 115 (Pa. Super. 1987), "a party cannot justifiably rely upon prior oral representations, yet sign a contract denying the existence of those representations." 534 A.2d at 119. Cf. Heritage Surveyors and Engineers, Inc., 801 A.2d 1248, 1251 (Pa. Super. 2002) (granting judgment on the pleadings because parol evidence rule barred plaintiff from relying upon representations preceding execution of integrated contract).

In McGuire, the contract's integration clause — like the integration clause here — stated that the written contract contained the parties' entire understanding. Under McGuire and 1726 Cherry Street, therefore, alleged fraud will not prevent the parol evidence rule from barring Comcar's from relying upon any statements, negotiations or representations that preceded the execution of the contract. The only promises upon which Comcar can base any claim are the promises set forth in the contract itself.

C. **To the Extent Comcar Points to Any Representations in the Contract Itself, Its Counterclaims Allege Nothing More Than a Promise to Take a Future Action, and At Best State a Claim Only for Breach of Contract.**

As to the alleged representations in the contract itself, however, Comcar has alleged nothing more than SunGard's failure to perform its contractual obligations: a failure to provide a "computer based Workshop," to provide support staff, to provide equipment or various types of network services." See, e.g., Counterclaims at ¶¶ 9, 21-22, 24-25, 27-28. Under Pennsylvania law, however, promises of future performance cannot form the basis of a misrepresentation claim simply because the promisor has failed to perform. Nissenbaum

v. Farley, 110 A.2d 230, 233 (Pa. 1955) ("[m]ere promises to do something made at the time of executing a contract and not statements of existing facts which are untrue, do not in themselves constitute fraud though they are not subsequently complied with"); Shoemaker v. Commonwealth Bank, 700 A.2d 1003, 1006 (Pa. Super. 1997) ("[i]t is well established that breach of a promise to something in the future is not actionable in fraud"); Bash v. Bell Telephone Co., 601 A.2d 825, 832 (Pa. Super. 1992) ("an unperformed promise does not give rise to a presumption that the promisor intended not to perform when the promise was made"); Krause v. Great Lakes Holdings, Inc., 387 Pa. Super. 56, 563 A. 2d 1182, 1187 (1989) (oral representation that corporation would assume a debt obligation in return for moratorium on payments and forbearance of legal action was a promise to do something in the future not a basis for fraud claim).

Comcar may have a facially valid claim for breach of contract based upon SunGard's alleged failures to perform these contractual promises. However, Comcar has not alleged a claim for fraud, negligent misrepresentation or fraudulent inducement.

For these reasons, Counts III, IV and V of the Counterclaims should be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff/Counterclaim-Defendant SunGard Recovery Services LP respectfully asks that this Court enter an Order dismissing Counts III, IV and V of the Counterclaims, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: September 23, 2002          BLANK ROME LLP

*/s/ Rebecca D. Ward*
James T. Smith, Esq.
Rebecca D. Ward, Esq.
Brian S. Paszamant, Esq.
One Logan Square
Philadelphia, PA 19103
Telephone:   (215) 569-5500
Facsimile:    (215) 569-5555

Attorneys for Plaintiff SunGard Recovery Services LP, formerly known as SunGard Recovery Services Inc.

## CERTIFICATE OF SERVICE

I, Rebecca D. Ward, hereby certify that on September 24, 2002 I caused a true and accurate copies of the foregoing Motion to Dismiss Counts III, IV and V of Counterclaims, with attached Memorandum of Law and proposed Form of Order, to be delivered by hand, via messenger, addressed as follows:

>Susan L. Bucknum, Esq.
>Conrad O'Brien Gellman & Rohn, P.C.
>1515 Market Street, 16th Floor
>Philadelphia, PA 19102

*/s/ Rebecca D. Ward*

Rebecca D. Ward