IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

SUNGARD RECOVERY SERVICES L.P.:

   Plaintiff/Counterclaim Defendant,

v.

COMCAR INDUSTRIES, INC.,

   Defendant/Counterclaim Plaintiff.

Civil Action (PBT)
No. 02-4444

---

## ORDER

AND NOW, this ____ day of _____, 2002, upon consideration of SunGard Recovery Services LP's Motion to Dismiss Counts II, IV and V of the Amended Counterclaims of Defendant/Counterclaim Plaintiff Comcar Industries, Inc., and the response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED. Counts III, IV and V of the Amended Counterclaims are dismissed with prejudice.

Plaintiff shall file its Reply and Affirmative Defenses to Counts I and II of the Amended Counterclaims within twenty days of entry of this Order.

BY THE COURT:

_____
                                                 J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNGARD RECOVERY SERVICES L.P.: | |
| Plaintiff/Counterclaim Defendant, | Civil Action |
| v. | No. 02-4444 (PBT) |
| COMCAR INDUSTRIES, INC., | |
| Defendant/Counterclaim Plaintiff. | |

**SUNGARD RECOVERY SERVICES LP'S MOTION TO DISMISS
COUNTS III, IV AND V OF COMCAR INDUSTRIES, INC.'S
<u>AMENDED COUNTERCLAIM</u>**

For the reasons set forth in the Memorandum of Law file contemporaneously herewith, Plaintiff/Counterclaim Defendant SunGard Recovery Services LP, formerly known as SunGard Recovery Services Inc. ("SunGard"), pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court for entry of an Order

dismissing with prejudice Counts III, IV and V of the Amended Counterclaims of Defendant/Counterclaim Comcar Industries, Inc.

Dated: November 13, 2002

                    BLANK ROME COMISKY & McCAULEY LLP

                    *James T. Smith*

                    James T. Smith, Esquire
                    Michael E. Adler, Esquire
                    One Logan Square
                    Philadelphia, PA 19103
                    Telephone:   (215) 569-5500
                    Facsimile:   (215) 569-5555

                    Attorneys for Plaintiff SunGard Recovery Services LP, formerly known as SunGard Recovery Services Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNGARD RECOVERY SERVICES L.P.: : <br> : <br> Plaintiff/Counterclaim Defendant, : <br> : <br> v. : <br> : <br> COMCAR INDUSTRIES, INC., : <br> : <br> Defendant/Counterclaim Plaintiff. : <br> : | Civil Action (PBT) <br> No. 02-4444 |

**SUNGARD RECOVERY SERVICES LP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNTS III, V AND V OF COMCAR INDUSTRIES, INC.'S AMENDED COUNTERCLAIMS**

Plaintiff/Counterclaim-Defendant SunGard Recovery Services LP ("SunGard"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Counts III, IV and V of the Amended Counterclaims of Defendant/Counterclaim Plaintiff Comcar Industries, Inc. ("Comcar") for failure to state a claim upon which relief can be granted.

**PRELIMINARY STATEMENT**

On September 24, 2002, SunGard filed a Motion to Dismiss Comcar's original counterclaims. Comcar staved off dismissal of those claims for fraud and misrepresentation by filing Amended Counterclaims. In short, no matter how Comcar attempts to recast the facts, the counterclaims, as amended, suffer from core

090079.71121/21080646v1

infirmities that cannot be corrected. First, Comcar waited well beyond the applicable statute of limitations period to pursue these claims. Thus, the claims for fraud and misrepresentation are barred by the two year statute of limitations. Second, Comcar is effectively asking the Court to ignore the effect of the integration clause in the Agreement. Many of the alleged misrepresentations are not found in the Agreement itself, but instead are based upon alleged statements made during negotiations. In the face of an enforceable integration clause, the Court cannot consider fraud and misrepresentation claims based upon alleged statements that pre-dated, but were not incorporated into, the written Agreement. Additionally, Comcar's claims for fraud and misrepresentation fail because the balance of the alleged misrepresentations in the Counterclaims are promises to do acts in the future. Well-settled law plainly reveals that the failure to complete these alleged promises cannot support a claim for fraud or misrepresentation. Finally, all of Comcar's tort claims are barred by the economic loss doctrine.

## FACTUAL AND PROCEDURAL BACKGROUND

As alleged in Comcar's Amended Counterclaims, prior to May 1999, SunGard and Comcar entered into negotiations regarding a contract for SunGard's disaster recovery services. See Answer, Affirmative Defenses and Amended Counterclaims (hereinafter "Amended Counterclaims at ¶ ___") at ¶ 4. Comcar had previously pleaded in its original Counterclaims, and now realleges in its Amended

Counterclaims, that SunGard made certain representations during these negotiations prior to the execution of the contract itself. Id. at ¶¶ 8-13, 15. Comcar now supplements its factual allegations relating to what it orally told SunGard during the negotiations prior to the Agreement – that it sought to develop a disaster recovery plan for all of its locations, that it lacked the expertise to do so, and that its employees would require training and assistance. Id. at ¶¶ 8-10. During these negotiations, SunGard allegedly promised to satisfy Comcar's needs relating to disaster recovery services. Id. at ¶ 11.

Comcar alleges that in reliance upon SunGard's representations, it executed the contract on May 13, 1999 (id. at 17) and that the contract itself contained certain representations or promises as discussed during the negotiations. Id. at ¶¶ 19-22, 24-28, 32, 36, 39, 42, 44. See also ¶¶ 53, 59, and 66. For example, according to Comcar, the agreement obligates SunGard to provide, among other services, a "computer based Workshop" for purposes of orientation, a "test plan", and assistance, guidance and support during a scheduled test of the disaster recovery services. Id. at ¶¶ 18-19. Comcar alleges that in the fall of 1999, it conducted a test of the disaster recovery services, at which time SunGard failed to fulfill these purported promises to Comcar. Id. at ¶¶ 23-28, 37, 40, 43. Comcar further alleges that SunGard had a duty to carry out the intended purpose of the agreement and to provide Comcar with the expertise

and services that it promised. Id. at ¶ 45. Comcar has allegedly been damaged as a result of SunGard's breach of the agreement.

The Contract contained two provisions relevant to this Motion to Dismiss. First, the parties agreed that that the contract would be "governed by substantive Pennsylvania law." Amended Counterclaims at Exhibit C § D(10). Further, the parties expressly stated that the contract set forth the entirety of their agreement and superceded all prior negotiations:

> This Agreement (which includes and incorporates all Schedules and Addenda to this Agreement) states the entire understanding between the parties with respect to its subject matter, and supersedes all prior proposals, negotiations and other written or oral communication between the parties with respect to the subject matter of this Agreement . . . .

Id. at § D(8).

## ARGUMENT

Pursuant to FED. R. CIV. P. 12(b)(6), this court should dismiss a claim if it is clear "that no relief could be granted under any set of facts that could be proved *consistent with the allegations.*" Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)) (emphasis added); Piecknick v. Commonwealth of Pennsylvania, 36 F. 3d 1250 (3$^d$ Cir. 1994). In reviewing a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), all allegations in the pleading and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most

favorable to the non-moving party." Sturm v. Clark, 835 F. 2d 1009, 1011 (3rd Cir. 1987) (citations omitted).[1]  "The purpose of a 12(b)(6) motion is to test the legal sufficiency of" a claim. Winterberg v. CNA Ins. Co., 868 F. Supp. 713, 717 (E.D. Pa. 1994). Finally, a court may grant a motion to dismiss as to a portion of a pleading. Elliot v. State Farm Mut. Auto. Ins. Co., 786 F. Supp. 487 (E.D. Pa. 1992).

A.    **RULE 12(B)(6) MANDATES DISMISSAL OF COUNTS III, IV AND V OF COMCAR'S COUNTERCLAIMS SINCE THE FACE OF A PLEADING SHOWS THE CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.**

In a diversity case such as this one, a federal court must apply state substantive law, including statutes of limitations. Ciccarelli v. Carey Canadian Mines, Ltd., 757 F. 2d 548, 552 (3d Cir. 1985). The law of this Circuit (the so-called "Third Circuit Rule") permits a limitations defense to be raised by a motion under Rule 12(b)(6) if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Hanna v. U.S. Veterans' Admin. Hosp., 514 F. 2d 1092, 1094 (3d Cir. 1975); Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978); Cito v. Bridgewater Twp. Police Dep't, 892 F. 2d 23, 25 (3d Cir. 1989); Davis v. Grusemeyer, 996 F. 2d 617, 623 (3d Cir. 1993); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F. 3d 1380, 1385 n. 1 (3d Cir. 1994) ("[w]hile the language of

---

[1] Needless to say, SunGard does not concede the accuracy of Comcar's allegations, but recognizes that for purposes of the instant Motion the Court is required to accept the allegations as true.

FED.R.CIV.P. 8(c) indicates that a statute of limitations defense cannot be used in the context of Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading"); Rycoline Prods., Inc. v. C & W Unlimited, 109 F. 3d 883, 886 (3rd Cir. 1997).

Both SunGard and Comcar specifically acknowledged that the Agreement "shall be governed by substantive Pennsylvania law." Amended Counterclaims, Exhibit C at § D(10). The courts of this Circuit interpret such a contractual choice-of-law provision to govern tort claims attacking the validity of the contract itself. See, e.g., In re Allegheny International, Inc., 954 F. 2d 167, 178 (3d Cir. 1992) (applying Pennsylvania choice-of-law provision to claim of fraudulent inducement and stating "Pennsylvania law is controlling because the contract says it is to be governed by, and construed in accordance with, the laws of the Commonwealth of Pennsylvania" and "[s]uch '[c]hoice of law provisions in contracts will generally be given effect'") (quoting Pennsylvania. Smith v. Commonwealth Nat'l Bank, 384 Pa. Super. 65, 557 A.2d 775, 777 (1989); Corestates Bank, N.A. v. Signet Bank, Civ. A. No. 96-3199, 1996 WL 482909 at *5 n. 3 (Aug. 26, 1996) (Yohn, J.) (where tort claims amounted to argument that claimant had been fraudulently misled into contract, then contractual choice-of-law provision would also apply to tort claims). Cf. PTI Services, Inc. v. Quotron Systems, Inc., Civ. A. No. 94-2068, 1995 WL 241411 at * 9 (E.D. Pa. Apr.

19, 1995) (DuBois, J.) (where tort allegations of fraudulent inducement and negligent misrepresentation are inextricably intertwined with the formation of the contract, the choice of law clause must govern).

The applicable Pennsylvania statute, 42 Pa. C.S.A. § 5524(7), provides that fraud and negligent misrepresentation claims must be brought in two years from the alleged occurrence:

> The following actions and proceedings must be commenced within two years:
>
> (7)  Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

42 Pa. C.S.A. § 5524(7). See Gurfein v. Sovereign Group, 826 Supp. 890, 917 (E.D. Pa. 1993) (§ 5524(7) applies to claims of fraud, negligent misrepresentation and breach of fiduciary duty); Today's Exp., Inc. v. Barkan, 426 Pa. Super. 48, 626 A.2d 187 (1993) (§ 5524(7) applies to fraud and negligent misrepresentation claims).[2]

---

[2] The fact that SunGard's complaint was filed within the applicable statutes of limitations for SunGard's claims (i.e., within four years of the alleged breach of contract) cannot save Comcar's own time-barred counterclaims for fraud and negligent misrepresentation. See, e.g., Harmer v. Hulsey, 321 Pa. Super. 11, 13, 467 A.2d 867, 868-69 (1983) ("a counterclaim . . . must be raised within the time allotted for an action under the appropriate statute of limitations . . . That [counter-claimant] was either unaware of his potential claim or the two-year limitation, or chose not to bring an action until [plaintiff] sued, does not suffice to toll the statute of limitations").

Thus, to the extent Comcar has any valid affirmative claims for fraud, negligent misrepresentation, or fraudulent inducement, Comcar was required to bring those claims within two years. Its own pleading, however, shows that the purported misrepresentations occurred in a time period ending May 13, 1999. See Amended Counterclaims at ¶¶ 6-16. Additionally, by the fall of 1999, Comcar had conducted its test of the recovery services and learned of the alleged falsity of the purported misrepresentations. Id. The Counterclaims filed in September 2002 – approximately a year after the two-year statute of limitations had expired – are time-barred.

**B.    THE PAROL EVIDENCE RULE BARS ANY CLAIM BASED UPON ALLEGED REPRESENTATIONS MADE BEFORE THE EXECUTION OF THE CONTRACT.**

Comcar bases its claims for fraud, negligent misrepresentation and fraudulent inducement upon statements allegedly made by SunGard prior to the execution of the Agreement. The Agreement, however, contains an integration clause that expressly disavows and supersedes any such prior representations:

> This Agreement (which includes and incorporates all Schedules and Addenda to this Agreement) states the entire understanding between the parties with respect to its subject matter, and supersedes all prior proposals, negotiations and other written or oral communication between the parties with respect to the subject matter of this Agreement . . . .

Id. at § D(8).

The law is clear and well-settled that, where such an integrated agreement exists, a party cannot use a theory of fraud or misrepresentation to avoid the effect of

-8-

the parol evidence rule. See, e.g., <u>1726 Cherry Street Partnership v. Bell Atlantic Properties, Inc.</u>, 653 A.2d 663, 670 (Pa. Super. 1995) (holding that parties are "barred from eliciting parol evidence that they were fraudulently induced into entering the Contracts"). As stated in <u>McGuire v. Schneider, Inc.</u>, 534 A.2d 115 (Pa. Super. 1987), "a party cannot justifiably rely upon prior oral representations, yet sign a contract denying the existence of those representations." 534 A.2d at 119. Cf. <u>Heritage Surveyors and Engineers, Inc.</u>, 801 A.2d 1248, 1251 (Pa. Super. 2002) (granting judgment on the pleadings because parol evidence rule barred plaintiff from relying upon representations preceding execution of integrated contract).

Under <u>McGuire</u> and <u>1726 Cherry Street</u>, the parol evidence rule bars Comcar from relying upon any statements, negotiations or representations that preceded the execution of the contract to support a claim for fraud and/or misrepresentation. Here, SunGard's alleged representations relating to the services or expertise that it has with regard to disaster recovery cannot support a fraud or misrepresentation claim. The only promises upon which Comcar can base any claim are the promises set forth in the contract itself. In the Amended Counterclaims, to the extent that Counts III, IV, and V are based upon alleged misrepresentations that are not incorporated into the Agreement and, thus, these claims must fail.

-9-

090079.71121/21080646v1

C. **COMCAR'S CLAIMS FOR FRAUD AND MISREPRESENTATION CANNOT BE BASED UPON ALLEGED PROMISES TO TAKE ACTION IN THE FUTURE.**

Under Pennsylvania law, promises of future performance cannot form the basis of a misrepresentation claim simply because the promisor has failed to perform. Nissenbaum v. Farley, 110 A.2d 230, 233 (Pa. 1955) ("[m]ere promises to do something made at the time of executing a contract and not statements of existing facts which are untrue, do not in themselves constitute fraud though they are not subsequently complied with"); Shoemaker v. Commonwealth Bank, 700 A.2d 1003, 1006 (Pa. Super. 1997) ("[i]t is well established that breach of a promise to something in the future is not actionable in fraud"); Bash v. Bell Telephone Co., 601 A.2d 825, 832 (Pa. Super. 1992) ("an unperformed promise does not give rise to a presumption that the promisor intended not to perform when the promise was made"); Krause v. Great Lakes Holdings, Inc., 387 Pa. Super. 56, 563 A. 2d 1182, 1187 (1989) (oral representation that corporation would assume a debt obligation in return for moratorium on payments and forbearance of legal action was a promise to do something in the future not a basis for fraud claim).

Close analysis of the alleged misrepresentations in the Agreement reveals that Comcar has alleged nothing more than SunGard's failure to perform its contractual obligations: a failure to provide a "computer based Workshop," to provide support staff, to provide proper equipment or various types of network and Internet access

-10-

services. See, e.g., Amended Counterclaims at ¶¶ 20-28, 37, 40. Comcar may have a facially valid claim for breach of contract based upon SunGard's alleged failures to perform these contractual promises, which SunGard denies strenuously. However, Comcar has not alleged a claim for fraud, negligent misrepresentation or fraudulent inducement.

For these additional reasons, Counts III, IV and V of the Amended Counterclaims should be dismissed for failure to state a claim upon which relief can be granted.

**D. BECAUSE A CONTRACT EXISTS BETWEEN SUNGARD AND COMCAR, THE ECONOMIC LOSS DOCTRINE BARS THE TORT CLAIMS.**

The economic loss doctrine bars tort claims that are rooted in contract. East River Steamship Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 869-76 (1986) (noting that allowing recovery in tort for purely economic damages "fails to account for the need to keep [tort law] and contract law in separate spheres and to maintain a realistic limitation on damages."). The rationale for this rule is that tort law was not intended to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement. See Sun Co., Inc. v. Badger Design & Constructors, Inc., 939 F. Supp. 365, 371 (E.D. Pa. 1996) (quoting Palco Linings, Inc. v. Pavex, Inc., 755 F. Supp. 1269, 1271 (M.D. Pa. 1990)). Unless there is a physical injury or damage to property, the contracting parties' remedies are limited to the contractual benefit of

their bargain and cannot be recovered in tort. East River Steamship Corp., 476 U.S. at 871-75. Moreover, parties engaging in contractual negotiations have the ability to protect themselves through the contractual language. Duquesne Light Co. v. Westinghouse Electric Corp., 66 F.3d 604, 620 (3d Cir. 1995).

Here, Comcar's alleged Counterclaims are barred as a matter of Pennsylvania law by the "economic loss doctrine." Palco Linings, Inc., 755 F. Supp. at 1273 ("economic losses are not recoverable in tort under Pennsylvania law."); see also Duquesne Light Co., 66 F.3d at 620 (quoting Eagle Traffic Control v. Addco, 882 F. Supp. 417, 419 (E.D. Pa. 1995)) (declaring that Pennsylvania has not carved out an exception to the economic loss doctrine for claims of negligent misrepresentations).

In this action, the respective interests of the parties are clearly governed by the terms of the Agreement. Hence, Comcar's Counterclaims in tort are simply an effort to blur the distinction between contract and tort law, and avoid the limiting language in the Agreement between the parties. Accordingly, given the clear and controlling law in Pennsylvania precluding the recovery of purely economic losses in tort, Comcar's misrepresentation claim should be dismissed.

## CONCLUSION

For the foregoing reasons, SunGard respectfully requests that this Court enter an Order dismissing Counts III, IV and V of the Amended Counterclaims with prejudice.

Dated: November 13, 2002

BLANK ROME COMISKY & McCAULEY LLP

_____
James T. Smith, Esquire
Michael E. Adler, Esquire
One Logan Square
Philadelphia, PA 19103
Telephone:  (215) 569-5500
Facsimile:   (215) 569-5555

Attorneys for Plaintiff SunGard Recovery Services LP, formerly known as SunGard Recovery Services Inc.

## CERTIFICATE OF SERVICE

I, Michael E. Adler, hereby certify that on November 13, 2002 I caused a true and accurate copies of the foregoing Motion to Dismiss Counts III, IV and V of the Amended Counterclaims, with attached Memorandum of Law and proposed Form of Order, to be delivered by first-class mail, addressed as follows:

>Susan L. Bucknum, Esquire
>CONRAD O'BRIEN GELLMAN & ROHN, P.C.
>1515 Market Street, 16th Floor
>Philadelphia, PA 19102

_____
Michael E. Adler