IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SUNGARD RECOVERY SERVICES L.P.**: : | |
| Plaintiff/Counterclaim Defendant, : : | Civil Action |
| v. : : | No. 02-4444 (PBT) |
| **COMCAR INDUSTRIES, INC.**, : : | |
| Defendant/Counterclaim Plaintiff. : : | |

### SUNGARD RECOVERY SERVICES LP'S MOTION TO FILE MOTION TO DISMISS COUNTS III, IV AND V OF COMCAR INDUSTRIES, INC.'S AMENDED COUNTERCLAIMS OUT OF TIME

SunGard Recovery Services LP ("SunGard"), by and through undersigned counsel, respectfully moves this Court for entry of an Order permitting SunGard to file a Motion to Dismiss Counts III, IV and V of Comcar Industries, Inc.'s ("Comcar") amended counterclaims out of time, and in support thereof, avers as follows:

1. On September 24, 2002, SunGard filed a Motion to Dismiss Comcar's original counterclaims.

2. On October 24, 2002, Comcar filed an Answer, Affirmative Defenses and Amended Counterclaims.

3. Through counsel's inadvertent miscalculation of time due for a response to the amended pleading, SunGard filed and served a Motion to Dismiss Counts III, IV and V of Comcar's Amended Counterclaims on November 13, 2002.

4. The proper response date was November 7, 2002. See Fed. R. Civ. P. 15(a) ("A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders").

5. On November 14, 2002, counsel for Comcar contacted counsel for SunGard and requested that SunGard withdraw the untimely motion to dismiss.

6. Comcar is not unfairly prejudiced by the error of several days in SunGard's filing of the motion to dismiss the amended counterclaims.

7. To the contrary, SunGard's filing of a motion to dismiss the amended counterclaims set forth a strong basis for the Court to narrow the legal issues and claims in this case at an early stage of the proceedings. SunGard would be greatly prejudiced if the Motion to Dismiss was not treated as properly filed.

8. Comcar should be ordered to respond to the Motion to Dismiss within twenty days from the date that the Court enters its Order.

WHEREFORE, SunGard Recovery Services LP respectfully requests that the Court grant this Motion and permit SunGard to file its previously filed Motion to Dismiss out of time.

Dated: November 15, 2002

> BLANK ROME COMISKY & McCAULEY LLP
>
> /s/ James T. Smith
>
> _____
>
> James T. Smith, Esquire
> Michael E. Adler, Esquire
> One Logan Square
> Philadelphia, PA 19103
> Telephone:   (215) 569-5500
> Facsimile:   (215) 569-5555
>
> Attorneys for Plaintiff SunGard Recovery Services LP, formerly known as SunGard Recovery Services Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SUNGARD RECOVERY SERVICES L.P.**: | |
| Plaintiff/Counterclaim Defendant, : | |
| : | **Civil Action (PBT)** |
| v. : | **No. 02-4444** |
| : | |
| **COMCAR INDUSTRIES, INC.**, : | |
| Defendant/Counterclaim Plaintiff. : | |

## ORDER

AND NOW, this _____ day of _____ , 2002, upon consideration of SunGard Recovery Services LP's Motion to File Motion to Dismiss Counts III, IV and V of the Comcar Industries, Inc.'s Amended Counterclaims Out of Time, and any response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED. SunGard's Motion to Dismiss shall be deemed filed as if timely, and Comcar Industries, Inc. shall file a response accordingly.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SUNGARD RECOVERY SERVICES L.P.**: : : Plaintiff/Counterclaim Defendant, : : v. : : **COMCAR INDUSTRIES, INC.,** : : Defendant/Counterclaim Plaintiff. : : : | Civil Action (PBT) No. 02-4444 |

**SUNGARD RECOVERY SERVICES LP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO FILE MOTION TO DISMISS COUNTS III, V AND V OF COMCAR INDUSTRIES, INC.'S AMENDED COUNTERCLAIMS OUT OF TIME**

Plaintiff/Counterclaim-Defendant SunGard Recovery Services LP ("SunGard"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion to File Motion to Dismiss Counts III, IV and V of the Amended Counterclaims of Defendant/Counterclaim Plaintiff Comcar Industries, Inc. ("Comcar") out of time.

**I. PRELIMINARY STATEMENT**

On September 24, 2002, SunGard filed a Motion to Dismiss Comcar's original counterclaims. On October 24, 2002, Comcar filed an Answer, Affirmative Defenses and Amended Counterclaims.

Through counsel's inadvertent miscalculation of time due for a response to the amended pleading, SunGard filed a Motion to Dismiss Counts III, IV and V of the Comcar Industries, Inc.'s Amended Counterclaims on November 13, 2002. The proper response date was November 7, 2002. See Fed. R. Civ. P. 15(a).

On November 14, 2002, counsel for Comcar contacted counsel for SunGard and requested that SunGard withdraw the untimely motion to dismiss. Because Comcar would not be unfairly prejudiced by the motion to dismiss, and SunGard would be greatly prejudiced, the Court should permit SunGard to file the motion to dismiss out of time.

## II. ARGUMENT

Federal Rule of Civil Procedure 15(a) provides, in relevant part:

> A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

See Fed. R. Civ. P. 15(a). The Rules of Civil Procedure are to be "construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

In circumstances such as this, where there is no showing of prejudice, courts may permit the filing of pleadings out of time. For example, in Resolution Trust

Corp. v. Baker, 1994 U.S. Dist. LEXIS 16218, *25 (E.D. Pa. Nov. 14, 1994), the plaintiff argued that the defendant had failed to timely submit his answer, and moved for a dismissal of his affirmative defenses and counterclaims under Rule 12(a), claiming that the defendant had 10 days from the date of the entry of the Court's order of December 2, 1993 to file his answer but did not respond until January 27, 1994. The Court denied the plaintiff's motion finding that "while defendant Salvatore Certo filed his answer in an untimely fashion, the RTC has failed to show how it was prejudiced by a fifty-five day delay at this nascent stage of the litigation." Id. at *25. For similar reasons and where there is no prejudice, courts have permitted untimely amended pleadings under Rule 15:

> in keeping with the liberal amendment policies of Rule 15(a) as *well as the general policy of minimizing needless formalities*, a court may treat an untimely amended pleading served without leave of court as properly introduced if the court determines that leave to amend would have been granted had it been sought *and if it appears that the parties will not be prejudiced by permitting the amendment.*

Gardner v. Authorized Distrib. Network, Inc., 1992 U.S. Dist. LEXIS 14409 *5 (E.D. Pa. Sept. 21, 1992) (emphasis added) (citing 6 Wright, Miller & Kane, Federal Practice & Procedure 2d, § 1484 (1990)).

Likewise, Comcar is not unfairly prejudiced by the error of several days in SunGard's filing of the motion to dismiss the amended counterclaims. To the contrary, SunGard's filing of a motion to dismiss the amended counterclaims set forth

-3-

a strong basis for the Court to narrow the legal issues and claims in this case at an early stage of the proceedings.  In fact, one of SunGard's arguments in the Motion to Dismiss, among others raised, is that Comcar's counterclaims are filed untimely as beyond the statute of limitations.  In a situation such as this, SunGard would be greatly prejudiced if the Motion to Dismiss was not treated as properly filed.

Accordingly, Comcar should be ordered to respond to the Motion to Dismiss within twenty days from the date that the Court enters its Order.

### III.  CONCLUSION

For the foregoing reasons, SunGard respectfully requests that this Court enter an Order permitting SunGard's Motion to Dismiss, which was inadvertently filed out of time.

Dated:  November 15, 2002

        BLANK ROME COMISKY & McCAULEY LLP

        /s/ James T. Smith
        _____

        James T. Smith, Esquire
        Michael E. Adler, Esquire
        One Logan Square
        Philadelphia, PA 19103
        Telephone:   (215) 569-5500
        Facsimile:     (215) 569-5555

        Attorneys for Plaintiff SunGard Recovery Services LP, formerly known as SunGard Recovery Services Inc.

## CERTIFICATE OF SERVICE

I, Michael E. Adler, hereby certify that on November 15, 2002 I caused a true and accurate copies of the foregoing Motion to File Motion to Dismiss Counts III, IV and V of the Amended Counterclaims Out of Time, with attached Memorandum of Law and proposed Form of Order, to be delivered by hand delivery, addressed as follows:

>Susan L. Bucknum, Esquire
>CONRAD O'BRIEN GELLMAN & ROHN, P.C.
>1515 Market Street, 16th Floor
>Philadelphia, PA 19102

/s/ Michael E. Adler

---
Michael E. Adler