IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SUNGARD RECOVERY SERVICES L.P.**:

    **Plaintiff/Counterclaim Defendant,** :

    v. :

**COMCAR INDUSTRIES, INC.,**

    **Defendant/Counterclaim Plaintiff.** :

Civil Action (PBT)
No. 02-4444

**SUNGARD RECOVERY SERVICES LP'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS COUNTS III, IV AND V OF COMCAR INDUSTRIES, INC.'S AMENDED COUNTERCLAIMS**

Plaintiff/Counterclaim-Defendant SunGard Recovery Services LP ("SunGard"), by and through its undersigned counsel, respectfully submits this Reply Brief in Further Support of its Motion to Dismiss Counts III, IV and V of the Amended Counterclaims of Defendant/Counterclaim Plaintiff Comcar Industries, Inc. ("Comcar") for failure to state a claim upon which relief can be granted.

**ARGUMENT**

Comcar's amended Counterclaims must be dismissed for the following reasons: First, applying "substantive Pennsylvania law," Comcar's claims for fraud and misrepresentation are barred by the two-year Pennsylvania statute of limitations.

090079.71121/21102484v1

Contrary to Comcar's suggestion, Florida law does not apply. Second, Comcar's claims are essentially based on representations not found in the Agreement itself, but instead are based upon alleged statements made during negotiations. In the face of an enforceable integration clause as exists here, the Court cannot consider fraud and misrepresentation claims based upon alleged statements that pre-dated, but were not incorporated into, the written Agreement. Additionally, Comcar's claims for fraud and misrepresentation must fail because they are nothing more than allegations of promises to do acts in the future. Such alleged failures cannot support a claim for fraud or misrepresentation. Finally, all of Comcar's tort claims are barred by the economic loss doctrine.

### A. PENNSYLVANIA LAW SHOULD BE APPLIED HERE.

For obvious reasons – not the least of which is to evade the Pennsylvania statute of limitations -- Comcar attempts to have this Court apply the law of Florida here. This ploy must be rejected. Significantly, the parties agreed that the Agreement would be "governed by substantive Pennsylvania law." Amended Counterclaims at Exhibit C § D(10). Comcar endeavors to re-cast this contractual language as narrow enough to permit its claims to proceed under Florida law. As SunGard explained previously, the courts of this Circuit interpret such a broad contractual choice-of-law provision to govern tort claims attacking the validity of the contract itself. See, e.g., In

re Allegheny International, Inc., 954 F. 2d 167, 178 (3$^d$ Cir. 1992) (applying Pennsylvania choice-of-law provision to claim of fraudulent inducement and stating "Pennsylvania law is controlling because the contract says it is to be governed by, and construed in accordance with, the laws of the Commonwealth of Pennsylvania" and "[s]uch '[c]hoice of law provisions in contracts will generally be given effect'"); Corestates Bank, N.A. v. Signet Bank, Civ. A. No. 96-3199, 1996 WL 482909 at *5 n. 3 (Aug. 26, 1996) (Yohn, J.) (where tort claims amounted to argument that claimant had been fraudulently misled into contract, then contractual choice-of-law provision would also apply to tort claims).

Where tort allegations of fraudulent inducement and negligent misrepresentation are "inextricably intertwined" with the formation of the contract, the choice of law clause must govern. See PTI Services, Inc. v. Quotron Systems, Inc., Civ. A. No. 94-2068, 1995 WL 241411 at * 9 (E.D. Pa. Apr. 19, 1995) (DuBois, J.) (enforcing a choice of law clause to apply to tort claims "directly related to. . .the negotiation, signing, and interpretation of the contract."). All of Comcar's "tort-based" allegations are "inextricably intertwined" to the negotiations in the weeks leading up to the formation of the contract in May of 1999. See Amended Counterclaims at ¶¶ 19-22, 24-28, 32, 36, 39, 42, 44, 53, 59, 66. Based upon the precedents cited above, the Court should apply Pennsylvania law to this motion.

**B.    RULE 12(B)(6) MANDATES DISMISSAL OF COUNTS III, IV AND V OF COMCAR'S COUNTERCLAIMS SINCE THE FACE OF A PLEADING SHOWS THE CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.**

Comcar's transparent attempt to save its claims under the longer Florida statute should be rejected.  In a diversity case such as this one, a federal court must apply state substantive law, including statutes of limitations.  Ciccarelli v. Carey Canadian Mines, Ltd., 757 F. 2d 548, 552 ($3^d$ Cir. 1985).  The law of this Circuit (the so-called "Third Circuit Rule") permits a limitations defense to be raised by a motion under Rule 12(b)(6) if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Hanna v. U.S. Veterans' Admin. Hosp., 514 F. 2d 1092, 1094 ($3^d$ Cir. 1975).

The applicable statute in Pennsylvania, 42 Pa. C.S.A. § 5524(7), provides that fraud and negligent misrepresentation claims must be brought in two years from the alleged occurrence.  See 42 Pa. C.S.A. § 5524(7) ("Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct"); Gurfein v. Sovereign Group, 826 Supp. 890, 917 (E.D. Pa. 1993) (Section 5524(7) applies to claims of fraud, negligent misrepresentation and breach of fiduciary duty).  Moreover, Comcar's reliance upon Coram Healthcare Corp. v. Aetna U.S. Healthcare, Inc., 94 F. Supp. 2d 589 (E.D. Pa. 1999) is inapposite because the choice of law provision here contemplates

"substantive Pennsylvania law," which would necessarily include statutes of limitation. Thus, to the extent Comcar has any valid affirmative claims for fraud, negligent misrepresentation, or fraudulent inducement, Comcar was required to bring those claims within two years.

Its own pleading, however, shows that the purported misrepresentations occurred in a time period ending May 13, 1999.  See Amended Counterclaims at ¶¶ 6-16.  According to its allegations, Comcar had conducted its test of the recovery services and learned of the alleged falsity of the purported misrepresentations by the fall of the 1999.  Id.  Comcar's belated argument in its Brief that it did not discover the "fraud and negligence" of SunGard until its own lawyer sent a letter to SunGard on September 18, 2000 is faulty.  See Comcar's Mem. at 17-18.  This letter was sent more than a year after any tests allegedly failed and merely stated that Comcar considered SunGard's performance to be "totally unsatisfactory."  Such self-serving prose does not extend the time required to bring claims under the "discovery rule."  See Pickett v. American Ordnance Preservation Assoc., 60 F. Supp. 450 (E.D. Pa. 1999).  This averment refers to the performance which Comcar already alleged took place and of which Comcar was aware of all relevant facts in the fall of the 1999.  Thus, because there was nothing for Comcar to "discover" by September 2000, the Counterclaims filed in September 2002 – approximately a year after the two-year Pennsylvania statute of limitations had expired – are time-barred.

**C.   THE PAROL EVIDENCE RULE BARS ANY CLAIM BASED UPON ALLEGED REPRESENTATIONS MADE BEFORE THE EXECUTION OF THE CONTRACT.**

Comcar's claims for fraud, negligent misrepresentation and fraudulent inducement are based upon statements and proposals allegedly made by SunGard during the negotiations prior to the execution of the Agreement. The Agreement between the parties, however, contains an integration clause that expressly disavows and supersedes any such prior representations:

> This Agreement (which includes and incorporates all Schedules and Addenda to this Agreement) states the entire understanding between the parties with respect to its subject matter, and supersedes all prior proposals, negotiations and other written or oral communication between the parties with respect to the subject matter of this Agreement . . . .

Id. at § D(8). Despite this plain language – with the phrases "entire understanding" and "supersedes all prior proposals [and] negotiations" -- Comcar argues that it does not concede that this Agreement was intended to set forth its full Agreement with SunGard. See Comcar's Brief at 18. Comcar's concession is not necessary. It is the law in Pennsylvania. This is even conceded by Comcar earlier in its Brief. See Comcar's Mem. at 11 ("Pennsylvania's parol evidence rule bars consideration of prior representations concerning matters covered in a written and fully integrated contract.").

In its Brief, however, Comcar focuses on the alleged differences between Florida law and Pennsylvania law with regard to the parol evidence rule, and cites a

-6-

litany of irrelevant decisions to support its theory that there exists a "true conflict" between the laws of the two jurisdictions.  <u>See</u> Comcar's Mem. at 11-12.  No such real conflict exists because Florida law should not be considered.  <u>See</u> <u>In re Allegheny International, Inc.</u>, <u>supra</u> (applying choice of law principles).  Pennsylvania law must be applied to the interpretation and validity of the Agreement.  <u>See</u> <u>1726 Cherry Street Partnership v. Bell Atlantic Properties, Inc.</u>, 653 A.2d 663, 670 (Pa. Super. 1995) (holding that parties are "barred from eliciting parol evidence that they were fraudulently induced into entering the Contracts").

As explained previously, in Pennsylvania, the law is clear and well-settled that, where such an integrated agreement exists, a party cannot use a theory of fraud or misrepresentation to avoid the effect of the parol evidence rule.  <u>Heritage Surveyors & Engineers, Inc. v. National Penn Bank</u>, 801 A.2d 1248, 1251 (Pa. Super. 2002) (granting judgment on the pleadings because parol evidence rule barred plaintiff from relying upon representations preceding execution of integrated contract).  Plainly, the parol evidence rule in Pennsylvania bars Comcar from relying upon any statements, negotiations or representations that preceded the execution of the contract to support a claim for fraud and/or misrepresentation.

Comcar seeks solace again under Florida law. However, under substantive Pennsylvania law, which must be applied here, SunGard's alleged representations relating to the services or expertise that it has with regard to disaster recovery cannot

support a fraud or misrepresentation claim. The only promises upon which Comcar can base any claim are the promises set forth in the Agreement itself. In the Amended Counterclaims, to the extent that Counts III, IV, and V are based upon alleged misrepresentations that are not incorporated into the Agreement and, thus, these claims must fail.

### D. COMCAR'S CLAIMS FOR FRAUD AND MISREPRESENTATION CANNOT BE BASED UPON ALLEGED PROMISES TO TAKE ACTION IN THE FUTURE.

Under Pennsylvania law, promises of future performance cannot form the basis of a misrepresentation claim simply because the promisor has failed to perform. Shoemaker v. Commonwealth Bank, 700 A.2d 1003, 1006 (Pa. Super. 1997) ("[i]t is well established that breach of a promise to something in the future is not actionable in fraud"). Similarly, "an unperformed promise does not give rise to a presumption that the promisor intended not to perform when the promise was made." Bash v. Bell Telephone Co., 601 A.2d 825, 832 (Pa. Super. 1992)

A review of the alleged misrepresentations in the Agreement and in Comcar's brief reveals that Comcar has alleged nothing more than SunGard's failure to perform the obligations in the Agreement: a failure to provide a "computer based Workshop," to provide support staff, to provide proper equipment or various types of network and Internet access services. See, e.g., Amended Counterclaims at ¶¶ 20-28, 37, 40; Comcar's Mem. at 3 (alleging that SunGard promised it "would create a disaster

recovery plan and test plan for Comcar," "train and guide Comcar employees in disaster recover skills and planning," and "provide disaster recovery experts. . ."). These promises are nothing more than promises to do something in the future, which is not a valid basis for a misrepresentation claim under either Florida or Pennsylvania law. Comcar may have a facially valid claim for breach of contract based upon SunGard's alleged failures to perform these contractual promises, which SunGard denies strenuously. However, Comcar has not alleged a claim for fraud, negligent misrepresentation or fraudulent inducement.

For these additional reasons, Counts III, IV and V of the Amended Counterclaims should be dismissed for failure to state a claim upon which relief can be granted.

E. **BECAUSE A CONTRACT EXISTS BETWEEN SUNGARD AND COMCAR, THE ECONOMIC LOSS DOCTRINE BARS THE TORT CLAIMS.**

In its initial memorandum, SunGard argues that the economic loss doctrine clearly bars Comcar's misrepresentation counterclaim under Pennsylvania law because they are rooted in contract. As discussed previously, Pennsylvania courts (and the growing majority of jurisdictions since the United States Supreme Court's 1986 decision in East River Steamship Corp. v. Transamerica Delaval, Inc., 476 U.S. 858 (1986)) do not permit an action of misrepresentation where the parties have expressed their agreement in a written contract.

Moreover, the Third Circuit Court of Appeals recently concluded that "the Supreme Court of Pennsylvania would apply the economic loss doctrine to intentional fraud cases." Werwinski v. Ford Motor Co., 286 F.3d 661, 680 (3d Cir. 2002). The court explained:

> The economic loss doctrine is designed to place a check on limitless liability for manufacturers and establish clear boundaries between tort and contract law. Carving out an exception for intentional fraud would eliminate that check on liability and blur the boundaries between the two areas of law, thus exposing manufacturers to substantially greater liability. *In light of these realities, we select the path that limits liability by rejecting appellants' request for an intentional fraud exception.*
>
> Based on these reasons, we believe the district court correctly applied the economic loss doctrine to appellants' fraudulent concealment claims. Therefore, we will affirm the district court's order with respect to appellants' common law fraudulent concealment claims.

Id. at 680-81 (emphasis added); see also Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 618 (3d Cir. 1995) (holding that the economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract.").

Comcar concedes that "Pennsylvania intermediate appellate courts and federal courts applying Pennsylvania law have applied the doctrine to preclude claims for negligent misrepresentation." See Comcar's Mem. at 12 (citing Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 619 (3d Cir. 1995)). Comcar tries to salvage

its claim from the holdings under the economic loss doctrine by again wrongly relying upon Florida law. However, given the clear and controlling law in Pennsylvania precluding the recovery of purely economic losses in tort, and that Florida law should not be applied here, Comcar's misrepresentation claim must be dismissed.

## **CONCLUSION**

For the foregoing reasons, SunGard respectfully requests that this Court enter an Order dismissing Counts III, IV and V of the Amended Counterclaims with prejudice.

Dated: January 6, 2003            BLANK ROME LLP

/s/ Michael E. Adler

James T. Smith, Esquire
Michael E. Adler, Esquire
One Logan Square
Philadelphia, PA 19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5555

Attorneys for Plaintiff SunGard Recovery Services LP, formerly known as SunGard Recovery Services Inc.

090079.71121/21102484v1

## **CERTIFICATE OF SERVICE**

I, Michael E. Adler, hereby certify that on January 6, 2003 I caused a true and accurate copies of the foregoing Reply Brief in Further Support of SunGard's Motion to Dismiss Counts III, IV and V of the Amended Counterclaims, to be delivered by first-class mail, addressed as follows:

> Susan L. Bucknum, Esquire
> CONRAD O'BRIEN GELLMAN & ROHN, P.C.
> 1515 Market Street, 16th Floor
> Philadelphia, PA 19102

/s/ Michael E. Adler

Michael E. Adler