## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SUNGARD RECOVERY SERVICES L.P.,** : | |
| : | |
| Plaintiff/Counterclaim Defendant, : | |
| : | Civil Action No. 02-4444 (PBT) |
| v. : | |
| : | |
| **COMCAR INDUSTRIES, INC.,** : | |
| : | |
| Defendant/Counterclaim Plaintiff. : | |
| : | |

### REPLY AND AFFIRMATIVE DEFENSES TO AMENDED COUNTERCLAIMS

Plaintiff/Counterclaim Defendant SunGard Recovery Services LP, formerly known as SunGard Recovery Services Inc. ("SunGard"), by and through its undersigned counsel, hereby files its Reply and Affirmative Defenses to the Counterclaims of Defendant/Counterclaim Plaintiff Comcar Industries, Inc., and in support thereof avers as follows:

### REPLY

### Count I:  Breach of Contract

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted in part and denied in part.  SunGard admits that prior to May 1999, the parties negotiated a Recovery Services Agreement.  SunGard denies Comcar's characterization of these negotiations.  The remaining allegations of ¶ 4 are denied.

5. Admitted.

6.      Admitted in part and denied in part. SunGard admits that during the course of their negotiations, the parties SunGard's business. SunGard denies Comcar's characterization of these discussions. The remaining allegations of ¶ 6 are denied.

7.      Admitted in part and denied in part. SunGard admits that on or about May 13, 1999, representatives of the parties met to discuss a possible contract. SunGard denies Comcar's characterization of the parties' discussions. The remaining allegations of ¶ 7 are denied.

8.      Admitted in part and denied in part. SunGard admits that on or about May 13, 1999, representatives of the parties met to discuss a possible contract. SunGard denies Comcar's characterization of the parties' discussions. The remaining allegations of ¶ 8 are denied.

9.      Admitted in part and denied in part. SunGard admits that on or about May 13, 1999, representatives of the parties met to discuss a possible contract. SunGard denies Comcar's characterization of the parties' discussions. The remaining allegations of ¶ 9 are denied.

10.     Admitted in part and denied in part. SunGard admits that in discussions preceding the execution of the Agreement, the parties discussed networking connectivity in the event Comcar declared a disaster under the Agreement. SunGard denies Comcar's characterization of the parties' discussions. The remaining allegations of ¶ 10 are denied.

11.     Admitted in part and denied in part. SunGard admits that the parties met to discuss a possible contract. SunGard denies Comcar's characterization of the parties' discussions. The remaining allegations of ¶ 11 are denied.

12. Denied. Any documents speak for themselves, and any characterization thereof is denied. The remaining allegations of ¶ 12 are denied.

13. Denied. Any documents speak for themselves, and any characterization thereof is denied. The remaining allegations of ¶ 13 are denied.

14. Admitted in part and denied in part. SunGard admits that effective May 13, 1999, Comcar entered into a Recovery Services Agreement. The Agreement, and any Schedules or Addenda thereto, are documents that speak for themselves and any characterization thereof is denied. SunGard denies that the documents were "drafted" by SunGard. Subject to and without waiver of the foregoing, SunGard states by way of further response that the parties negotiated the terms of the Agreement, the Schedule A and any Addenda, and Comcar's own information technology personnel identified the hardware configurations in use at Comcar's covered facilities, which hardware Comcar wished to have included within the Recovery Services Agreement. The remaining allegations of ¶ 14 are denied.

15. Denied.

16. Denied.

17. Admitted in part and denied in part. SunGard admits that Comcar executed the Agreement and returned it to SunGard. The remaining allegations of ¶ 17 are denied.

18. Denied. The Agreement is a document that speaks for itself and any characterization thereof is denied.

19. Denied. The Agreement is a document that speaks for itself and any characterization thereof is denied.

20. Denied. Subject to and without waiver of the foregoing, SunGard states by way of further response that its personnel repeatedly contacted Comcar's employees in an attempt to obtain necessary information and cooperation in carrying out the activities set forth in the Agreement. However, Comcar's employees failed to respond to inquiries or otherwise made it impossible for SunGard to coordinate with Comcar. More specifically, Comcar never made any effort to schedule a Workshop at a mutually convenient place and location.

21. Denied. Subject to and without waiver of the foregoing, SunGard states by way of further response that its personnel repeatedly contacted Comcar's employees in an attempt to obtain necessary information and cooperation in carrying out the activities set forth in the Agreement. However, Comcar's employees failed to respond to inquiries or otherwise made it impossible for SunGard to coordinate with Comcar.

22. Denied. Subject to and without waiver of the foregoing, SunGard states by way of further response that its personnel repeatedly contacted Comcar's employees in an attempt to obtain necessary information and cooperation in carrying out the activities set forth in the Agreement. However, Comcar's employees failed to respond to inquiries or otherwise made it impossible for SunGard to coordinate with Comcar. More specifically, Comcar understood from the commencement of negotiations for the Agreement that the development of a disaster recovery plan and test plans required the involvement of Comcar's own technical personnel, as only Comcar's employees knew the required details of Comcar's hardware and software configurations.

23.     Admitted in part and denied in part. SunGard admits that Comcar scheduled tests for the fall of 1999. SunGard denies that SunGard failed to perform any of its contractual obligations. The remaining allegations of ¶ 23 are denied. Subject to and without waiver of the foregoing, SunGard states by way of further response that SunGard's personnel repeatedly attempted to obtain necessary information and cooperation from Comcar's employees. However, Comcar's employees failed to respond to inquiries or otherwise made it impossible for SunGard to coordinate with Comcar.

24.     Denied. Subject to and without waiver of the foregoing, SunGard states by way of further response that Comcar knew from the beginning of negotiations and through SunGard's User's Guides that Subscribers such as Comcar must complete certain paperwork for the scheduling and design of tests, as a Subscriber has the option and the obligation to choose which portions of its disaster recovery services it wishes to test at any test session. SunGard's personnel were prepared and attempted to offer assistance to Comcar in test planning.

25.     Denied. Subject to and without waiver of the foregoing, SunGard states by way of further response that recovery specialists and project managers were assigned to Comcar's tests and provided assistance to Comcar personnel during those tests.

26.     Denied. Subject to and without waiver of the foregoing, SunGard states by way of further response that during the tests conducted by Comcar, support personnel with appropriate "technical expertise" provided assistance and guidance to Comcar.

27. Denied. Subject to and without waiver of the foregoing, SunGard states by way of further response that all equipment identified by Comcar in its test plan documents was made available to Comcar for its use during its tests.

28. Denied. Subject to and without waiver of the foregoing, SunGard states by way of further response that all equipment and supplies identified by Comcar in its test plan documents was made available to Comcar for its use during its tests.

29. Denied. Subject to and without waiver of the foregoing, and by way of further response, SunGard denies that that the test was a "failure." Further, under the Agreement, Comcar was entitled to additional test time, and such test time was made available to Comcar to schedule in accordance with the availability of its own personnel.

30. Admitted in part and denied in part. SunGard admits that a second test session was scheduled as provided under the Agreement. The remaining allegations of ¶ 30 are denied.

31. Admitted in part and denied. SunGard admits that the parties exchanged communications in 2000. The letters and other documents reflecting such communications speak for themselves and any characterization thereof is denied. Subject to and without waiver of the foregoing, SunGard states by way of further response that Comcar never identified any "failures," breaches or refusals to perform by SunGard and, in fact, expressed satisfaction with the tests and the assistance provided by SunGard personnel to Comcar during those tests.

32. Admitted.

33. Admitted in part and denied in part. SunGard admits that the Schedule A, in the form attached to the Agreement, was prepared by SunGard from information provided by Comcar. SunGard denies that the equipment and services stated thereon were "drafted" by SunGard. SunGard further denies Comcar's characterization of the parties' discussions of the equipment and services stated on the Schedule A. Subject to and without waiver of the foregoing, SunGard states by way of further response that Comcar's own information technology personnel identified the hardware configurations in use at Comcar's covered facilities, which hardware Comcar wished to have included within the Recovery Services Agreement. The remaining allegations of ¶ 33 are denied.

34. Denied. Subject to and without waiver of the foregoing, SunGard states by way of further response that Comcar's own information technology personnel identified the hardware configurations in use at Comcar's covered facilities, which hardware Comcar wished to have included within the Recovery Services Agreement.

35. Admitted in part and denied in part. SunGard admits that in discussions preceding the execution of the Agreement, the parties discussed networking connectivity in the event Comcar declared a disaster under the Agreement. SunGard denies Comcar's characterization of the parties' discussions. The remaining allegations of ¶ 35 are denied.

36. Admitted in part and denied in part. SunGard admits that the parties executed an Addendum to the Agreement. That Addendum is a document that speaks for itself and any characterization thereof is denied.

37. Denied. Subject to and without waiver of the foregoing, SunGard states by way of further response that its sales representatives and network managers, throughout the

summer and fall of 1999, attempted to obtain necessary information from Comcar to provide connectivity, and that Comcar was required to place certain orders with its own local access providers to ensure that the requested connections were completed. However, Comcar repeatedly failed to respond to SunGard's requests for information, failed to place the required orders with its own local access providers, and by the first week of December 1999, expressly refused to work with SunGard to complete the requested connections.

      38.    Admitted in part and denied in part. SunGard admits that in discussions preceding the execution of the Agreement, the parties discussed the provision of network and Internet access services in the event Comcar declared a disaster. SunGard denies Comcar's characterization of the parties' discussions. The remaining allegations of ¶ 38 are denied.

      39.    Admitted in part and denied in part. SunGard admits that the parties executed an Addendum to the Agreement. That Addendum is a document that speaks for itself and any characterization thereof is denied.

      40.    Denied. Subject to and without waiver of the foregoing, SunGard states by way of further response that its sales representatives and network managers, throughout the summer and fall of 1999, attempted to obtain necessary information from Comcar to ensure the availability of such services, and that Comcar was required to take steps to work with its own local access providers as part of that process. However, Comcar repeatedly failed to respond to SunGard's requests for information, failed to work with its own local access providers, and by the first week of December 1999, expressly refused to work with SunGard to complete the process.

41.  Admitted in part and denied in part. SunGard admits that in discussions preceding the execution of the Agreement, the parties discussed Comcar's desire that the Agreement permit 9 separate locations to call upon disaster recovery services in the event any one or more such locations experienced a disaster. SunGard denies Comcar's characterization of the parties' discussions. The remaining allegations of ¶ 41 are denied.

42.  Admitted in part and denied in part. SunGard admits that the parties executed an Addendum to the Agreement. That Addendum is a document that speaks for itself and any characterization thereof is denied.

43.  Denied. Subject to and without waiver of the foregoing, SunGard states by way of further response that under the Agreement, all 9 locations were permitted to declare a disaster and receive disaster recovery services. Those disaster recovery services were available to all 9 locations, though no location ever, in fact, declared a disaster or was required to call upon the disaster recovery services that were available to Comcar.

44.  Denied. Subject to and without waiver of the foregoing, SunGard states that it performed all its obligations under the Agreement.

45.  Denied. The allegations of ¶ 45 are denied as conclusions of law to which no response is required. Subject to and without waiver of the foregoing, SunGard states by way of further response that it provided all "expertise" and "services" set forth in the Agreement.

46.  Denied.

WHEREFORE, SunGard Recovery Services LP, formerly known as SunGard Recovery Services Inc. requests that this Court enter judgment on Count I of the

Counterclaims in its favor and against Comcar Industries, Inc., and award costs, attorney's fees under the Agreement, and such other and further relief as may be just and proper.

### Count II: Unjust Enrichment

47. SunGard incorporates the allegations of ¶¶ 1 – 46 of this Reply as if fully set forth herein.

48. Admitted in part and denied in part. SunGard admits that it received certain payments of Monthly Fees, all of which were delinquent, under the Agreement. SunGard denies that it failed to perform under the Agreement. Subject to and without waiver of the foregoing, SunGard states by way of further response that it performed all its obligations under the Agreement. The remaining allegations of ¶ 48 are denied.

49. Denied.

50. Denied.

51. Denied.

WHEREFORE, SunGard Recovery Services LP, formerly known as SunGard Recovery Services Inc. requests that this Court enter judgment on Count II of the Counterclaims in its favor and against Comcar Industries, Inc., and award costs, attorney's fees under the Agreement, and such other and further relief as may be just and proper.

### Count III: Fraud

52. SunGard incorporates the allegations of ¶¶ 1-51 of this Reply as if fully set forth herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

WHEREFORE, SunGard Recovery Services LP, formerly known as SunGard Recovery Services Inc. requests that this Court enter judgment on Count III of the Counterclaims in its favor and against Comcar Industries, Inc., and award costs, attorney's fees under the Agreement, and such other and further relief as may be just and proper.

### Count IV:  Negligent Misrepresentation

58. SunGard incorporates the allegations of ¶¶ 1 – 57 of this Reply as if fully set forth herein.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

WHEREFORE, SunGard Recovery Services LP, formerly known as SunGard Recovery Services Inc. requests that this Court enter judgment on Count IV of the Counterclaims in its favor and against Comcar Industries, Inc., and award costs, attorney's fees under the Agreement, and such other and further relief as may be just and proper.

### Count V: Fraudulent Inducement

65. SunGard incorporates the allegations of ¶¶ 1 – 64 of this Reply as if fully set forth herein.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

WHEREFORE, SunGard Recovery Services LP, formerly known as SunGard Recovery Services Inc., requests that this Court enter judgment on Count V of the Counterclaims in its favor and against Comcar Industries, Inc., and award costs, attorney's fees under the Agreement, and such other and further relief as may be just and proper.

### First Affirmative Defense

The Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Counterclaims are barred in whole or in part for failure of one or more conditions precedent.

### Third Affirmative Defense

The Counterclaims are barred in whole or in part by the doctrine of waiver.

### Fourth Affirmative Defense

The Counterclaims are barred in whole or in part by the doctrine of estoppel.

### Fifth Affirmative Defense

The Counterclaims are barred in whole or in part by the doctrine of laches.

### Sixth Affirmative Defense

The Counterclaims are barred in whole or in part by the doctrine of unclean hands.

### Seventh Affirmative Defense

The Counterclaims are barred in whole or in part for a failure to mitigate damages.

### Eighth Affirmative Defense

In the event the Court finds in favor of Comcar, SunGard is entitled to a recoupment equal to any damages awarded to Unisource.

### Ninth Affirmative Defense

In the event the Court finds in favor of Comcar, SunGard is entitled to a setoff.

### Tenth Affirmative Defense

The Counterclaims are barred by Comcar's own material breach of the Agreement between the parties.

### Eleventh Affirmative Defense

Comcar's claim for negligent misrepresentation is barred in whole or in part by the economic loss doctrine.

### Twelfth Affirmative Defense

Comcar's claims are barred in whole or in part because at all times relevant hereto SunGard acted in good faith.

### Thirteenth Affirmative Defense

Comcar's claims are barred in whole or in part because Comcar did not rely on any act or omission of SunGard.

**Fourteenth Affirmative Defense**

Comcar's claims are barred in whole or in part because at all relevant times hereto, Comcar knew or should have known all relevant facts.

**Fifteenth Affirmative Defense**

Comcar's claims for fraud, negligent misrepresentation and fraudulent inducement are barred by the applicable statute of limitations.

**Sixteenth Affirmative Defense**

Comcar's claims are barred in whole or in part by Comcar's own procurement of a failure of a condition precedent.

**Seventeenth Affirmative Defense**

Comcar's claims are barred in whole or in part by operation of the parol evidence rule.

Dated:  September 2, 2003        BLANK ROME LLP


                                  s/ Rebecca D. Ward
                                  James T. Smith, Esq.
                                  Rebecca D. Ward, Esq.
                                  Michael Adler, Esq.
                                  One Logan Square
                                  Philadelphia, PA 19103
                                  Telephone:    (215) 569-5500
                                  Facsimile:    (215) 569-5555

                                  Attorneys for Plaintiff SunGard Recovery Services LP, formerly known as SunGard Recovery Services Inc.