UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SUNGARD RECOVERY SERVICES, LP** : | |
| : | |
| **Plaintiff,** : | |
| : | No. 2:02-CV-04444-PBT |
| -v.- : | |
| : | |
| **COMCAR INDUSTRIES, INC.** : | |
| : | |
| **Defendant** : | |
| : | |

**DEFENDANT, COMCAR INDUSTRIES, INC.'S, RESPONSE TO PLAINTIFF'S
MOTION FOR PRETRIAL SCHEDULING AND MANAGEMENT CONFERENCE
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16**

Defendant, Comcar Industries, Inc. ("Comcar"), hereby responds to Plaintiff SunGard Recovery Services' ("SunGard") Motion for Pretrial Scheduling and Management Conference. Comcar submits that a pretrial scheduling and management conference is unwarranted at this time because the parties are currently engaged in ongoing discussions to enter into a continuing business relationship as a resolution to this matter.

## BACKGROUND

As this Court may recall, the parties filed a stipulation to take the deposition of Mickey Foutz prior to a Rule 26(f) conference because he was terminally ill. Mickey Foutz was the CFO for Comcar who was involved in the negotiations for the disaster recovery services contract with SunGard, which is at issue in this case. Prior to his deposition, the parties exchanged initial disclosures in accordance with Rule 26(a)(1). Mr. Foutz was deposed twice, once in October 2002, and again in January 2003.

Several months ago, the parties agreed to have their respective business representatives enter into discussions regarding the possibility of entering into a continuing business relationship

as a resolution to this action. Since then, the business representatives have been in contact with each other and exchanged information with respect to Comcar's needs and SunGard's services. There was a meeting scheduled for the end of August 2004; however, at that time the first of a series of severe hurricanes hit Florida in the area of Comcar's headquarters in Auburndale, Florida. Comcar's systems were down several times and, as of last week, were still not working to full capacity. Currently, SunGard is scheduled to make a presentation of its service offerings at Comcar's headquarters on November 4, 2004.

SunGard filed its Motion for Pretrial Scheduling and Management Conference without contacting or notifying counsel for Comcar, even though counsel had previously agreed not to pursue a scheduling order so that the parties could participate in settlement discussions without having to expend time and money for discovery. Upon receipt of SunGard's motion, counsel for Comcar contacted counsel for SunGard. Apparently, SunGard was under the wrong impression that Comcar was no longer interested in settlement negotiations presumably because the meeting set for the end of August did not occur and was not rescheduled due to the problems resulting from the hurricanes. Counsel for Comcar explained that Comcar is indeed interested in SunGard's services because it has a real need for disaster recovery protection. As stated, a meeting of the business representatives is scheduled for November 4, 2004.

## **ARGUMENT**

Comcar's position is that a pretrial scheduling conference is not warranted at this time because the parties are engaged in ongoing settlement negotiations. The parties have already exchanged initial disclosures and deposed the CFO of Comcar involved in the negotiations for the contract at issue in this case. The potential witnesses that would need to be deposed are located all across the country, which would require the parties to expend substantial time and

money to take their depositions. Moreover, placing this case on a pretrial scheduling order will take the focus away from settlement discussions and on to preparing for and taking discovery. In fact, SunGard's motion states that it seeks a pretrial scheduling conference to "expedite the disposition of this action and facilitate a possible settlement of the case." SunGard's Motion at 1. Contrary to SunGard's assertion; however, allowing the parties to engage in continuing settlement discussions—which they are doing—without also engaging in discovery will promote and facilitate a possible settlement of this action.

    For all of these reasons, Ford respectfully requests that this Court defer a pretrial scheduling conference until such time that the parties jointly inform the Court that a settlement cannot be reached.

Respectfully submitted,

_____
SUSAN L. BUCKNUM
CAMPBELL CAMPBELL CAMPBELL
EDWARDS & CONROY, P.C
690 Lee Road, Suite 300
Wayne, Pa 19087
(610) 964-1900
(610) 964-1981 (fax)

Dated:  October 29, 2004

## CERTIFICATE OF SERVICE

I, Susan L. Bucknum, certify that a true and correct copy of the attached Defendant, Comcar Industries, Inc.'S, Response To Plaintiff's Motion For Pretrial Scheduling And Management Conference Pursuant To Federal Rule Of Civil Procedure 16 was caused to be served on the following by depositing the same in the United States mail, first class postage prepaid, on October 29, 2004:

>    **DANIEL E. RHYNHARDT**
>    **BLANK ROME COMISKY & MCCAULEY, LLP**
>    **One Logan Square**
>    **Philadelphia, PA 19103**

_____
SUSAN L. BUCKNUM