IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SUNGARD RECOVERY SERVICES, L.P.** :
   **Plaintiff/Counterclaim Defendant,** :
                                                 :   **CIVIL ACTION**
       **v.**                                      :
                                                 :   **NO. 02-4444**
**COMCAR INDUSTRIES, INC.,** :
   **Defendant/Counterclaim Plaintiff.** :

SCHEDULING ORDER

Tucker, J.

      AND NOW, this ___ day of November, 2004, IT IS ORDERED as follows:

      1. A settlement conference shall be held before Magistrate Judge Caracappa at the end of discovery and before the parties file dispositive motions. Plaintiff's counsel shall contact Magistrate Judge Caracappa's chambers no later than sixty (60) days prior to the close of discovery to schedule a date and time.

      Counsel are encouraged to request a voluntary settlement conference as early in the discovery process as they feel it will be productive. A settlement conference will be scheduled upon agreement of all counsel. Unless the court authorizes an exception, such agreement constitutes counsel's certification that there is a reasonable possibility of settlement and that the party represented by counsel will engage in good faith negotiations to resolve the litigation.

      At any settlement conference, counsel shall have his/her client or a person authorized by his/her client with unlimited authority to settle at the conference or available by telephone during the entire conference.

      2. Counsel are obligated to familiarize themselves with the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania, and the Standing Orders of this Court.[1] Failure to comply with this scheduling order or the Local Rules may result in the imposition of sanctions.

**Discovery**

      3. All discovery shall proceed forthwith and continue in such manner as will assure that all requests for, and responses to, discovery will be noticed, served and completed by **March 31, 2005**. Discovery may take place thereafter by agreement of the parties without court approval,

---

[1] This Court's Standing Order can be found on the Eastern District of Pennsylvania's website at http://www.paed.uscourts.gov/. In case of a conflict, the provisions of this Scheduling Order take precedent over the Court's general Standing Order.

so long as the trial will not be delayed and trial preparation will not unreasonably be disrupted. No discovery may take place during the trial unless directed by the court. As the parties, have proposed in this matter, **expert reports, if any, shall be served on or before April 15, 2005.** The parties shall serve rebuttal expert reports, if any, on or before May 16, 2005. And expert depositions, if any, shall be completed on or before June 15, 2005.

      4. Plaintiff shall comply with the requirements of Fed. R. Civ. P. 26(a)(2) for disclosure of expert testimony forty (40) days prior to the close of the discovery period.

      5. Defendant shall comply with the requirements of Fed. R. Civ. P. 26(a)(2) for disclosure of expert testimony twenty (20) days prior to the close of the discovery period.

### Motions

      6. The parties **shall not** file any dispositive motions before attending a settlement conference with Magistrate Judge Caracappa. All motions to amend the complaint, join or add additional defendants or name John Doe defendants shall be filed within 60 days of the date of this order. All motions for summary judgment or partial summary judgment shall be filed and served on or before **August 1, 2005**. All briefs filed in opposition shall be filed and served on or before **August 15, 2005**. All motions in limine shall be filed and served at least five (5) business days before the trial date. All other motions shall be filed and served prior to the close of the discovery period. Any motions filed in violation of this order shall be deemed waived unless good cause is shown.

      <u>All</u> briefs must be on 8.5 by 11 inch sequentially numbered pages. The text must be double-spaced. Headings and footnotes may be single-spaced. The font must be twelve (12) point. The margins must be one (1) inch on all four sides. No brief filed in support of or in opposition to <u>any</u> motion shall exceed twenty-five (25) pages in length without prior leave of court. Any brief filed in support of or in opposition to any motion that exceeds ten (10) pages in length <u>must</u> be accompanied by a table of contents. Reply briefs are generally not helpful and are discouraged by the court; as such, reply briefs cannot be filed without prior leave of court. A reply brief is limited to a maximum of seven (7) pages, and must be filed within five (5) business days of the filing of the opposing party's response.

      7. In addition to a brief, any party filing a motion for summary judgment or partial summary judgment shall file a separate, <u>short</u> and concise statement, in numbered paragraphs, of the material facts as to which the party contends there is no genuine issue to be tried. The party must support each of the material facts with specific citations to the underlying record, and attach a copy of the relevant portions of that record, if practicable and not already of record. Failure to submit such a statement of material facts with citations may constitute ground for denial of the motion.

      The opposing party shall file a separate, short and concise statement, responding to the numbered paragraphs in the moving party's statement, of the material facts as to which the opposing party contends there is a genuine issue to be tried and shall conform to the record citation

requirements listed above. All factual assertions set forth in the statement required to be served by the moving party shall be deemed admitted unless controverted by the statement required to be served by the opposing party.

## Trial

8. All parties shall prepare and file with the Clerk of Court and opposing counsel their pretrial memoranda, in accordance with Local Rule 16.1(c)(1) - (7), inclusive, as follows:

    A. Plaintiff - at least twenty (20) days prior to the trial date.

    B. Defendant - at least ten (10) days prior to the trial date.

9. Any party having an objection to the admissibility of any exhibit based on authenticity or the adequacy of the qualifications of an expert witness expected to testify, shall set forth separately each such objection in their pretrial memorandum. Such objection shall describe with particularity the ground and the authority for the objection.

10. The case will be placed on the court's trial list on **September 12, 2005**.

11. Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the court expects use of oral or videotape depositions at trial of any witness whose testimony a party believes is essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert. The unavailability of any such witness will not be a ground to delay the commencement or progress of the trial. Any oral or videotape deposition for use at trial shall be held at least five (5) business days before the trial date.

12. Any party who contends or will contend that the proposed testimony of any expert witness requires a Daubert hearing must file a motion with the Clerk of Court at least thirty (30) days prior to the trial date so that the hearing can be held prior to trial and without impinging upon the jury's time. The motion must thoroughly set forth valid reasons for the challenge.

In the event a deposition is to be offered at trial, the offering party shall file with the court, prior to the commencement of the trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel. Portions of the deposition offered by the plaintiff shall be marked in blue; portions offered by the defendant, in red. Where a court ruling is necessary, the basis for unresolved objections shall be stated in five (5) words or less in the margin of the deposition page(s) and a covering list of such objections supplied therewith.

13.  **(JURY CASES ONLY)**  All proposed jury instructions shall be numbered and shall have citations of authority for each point (one point per page).  If a model jury instruction is submitted, for instance, from O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, (5th Edition) or <u>Pennsylvania Suggested Standard Civil Jury Instructions</u>, counsel shall state whether the proposed jury instruction is modified or unchanged.  If counsel modifies a model jury instruction, additions shall be underlined and deletions shall be placed in brackets.  If a model jury instruction is unchanged, it may be submitted by title and paragraph reference only.

At least fifteen (15) business days before the trial date, counsel shall exchange proposed jury instructions and proposed jury interrogatories.  Counsel for the plaintiff is directed to initiate the scheduling of a meeting of all counsel to be held at least ten (10) business days before the trial date, at which counsel shall meet, discuss and submit to the court one complete set of agreed upon jury instructions and jury interrogatories.  The original shall be filed with the Clerk of Court.  If a good faith effort is not made to comply with this directive, the trial may be continued or sanctions imposed on individual counsel.

If the parties are unable to agree upon certain jury instructions or jury interrogatories, at least five (5) business days before the trial date, the party proposing the instruction or interrogatory shall submit to the court one (1) copy of the proposed instruction or interrogatory and its citation of authority and the party opposing the instruction or interrogatory shall submit to the court one (1) copy of its specific objection, citation of authority and proposed alternative.  The originals shall be filed with the Clerk of Court.

At least five (5) business days before the trial date, each party shall file a trial memorandum on the legal issues involved in the case and that party's proposed voir dire questions.  The originals shall be filed with the Clerk of Court.

At least five (5) business days before the trial date, each party shall submit to the court a <u>one page or less</u> summary in non-legalese language of its contentions with reference to the facts, theories of liability and damages.  Prior to the beginning of voir dire, the other party may file objections or alternatives to this summary.  The summary will be used by the court in its preliminary and final instructions to the jury to familiarize the jurors with the general framework of the factual issues in the case.

A courtesy copy of the proposed jury interrogatories, jury instructions, and verdict forms will be submitted to the chambers of Judge Tucker on a clearly labeled disc in WordPerfect format and/or by electronic mail.

14. **(NON-JURY CASES ONLY)** At least fifteen (15) business days before the trial date, counsel shall exchange proposed findings of fact and conclusions of law.

Counsel for the plaintiff is directed to initiate the scheduling of a meeting of all counsel to be held at least ten (10) business days before the trial date at which counsel shall meet, discuss and submit to the court one (1) complete set of agreed upon findings of fact and conclusions

of law. The original shall be filed with the Clerk of Court. If a good faith effort is not made to comply with this directive, the trial may be continued or sanctions imposed on individual counsel.

With reference to those findings of fact and conclusions of law upon which the parties are not able to agree, at least five (5) business days before the trial date each party shall submit to the court two (2) copies of that party's proposed disputed findings of fact and conclusions of law, and a trial memorandum on the legal issues involved in the case. The original shall be filed with the Clerk of Court.

15. All trial exhibits, except for impeaching documents, shall be pre-marked and exchanged by counsel prior to the commencement of trial. At the commencement of trial, counsel shall supply the court with a bench copy of each exhibit, the duplication of which is practicable (two (2) copies in non-jury trials), and two (2) copies of a schedule of all exhibits which shall briefly describe each exhibit.

At the time of its use, counsel shall supply the court and opposing counsel with a copy of each impeaching document, the duplication of which is practicable.

**BY THE COURT**:

S/_____
**Hon. Petrese B. Tucker, U.S.D.J.**